UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AT&T, INC., AS FIDUCIARY OF THE SBC MEDICAL AND GROUP LIFE INSURANCE PLAN - CUSTOMCARE )<br><br>Plaintiff,<br><br>VS.<br><br>JAKE FLORES, *et al*.<br><br>Defendants. | Civil Action No.  SA-07-CA-343-XR |

## ORDER

Plaintiff provides healthcare benefits to SBC Communications employees and their family members. Plaintiff asserts that the healthcare plan it provides qualifies as an Employee Retirement Income Security Act of 1974 (ERISA) plan. Moreover, Plaintiff contends that the Summary Plan Description contains a subrogation/right of reimbursement provision that requires a plan beneficiary who has been injured by a third party and who recovers from that third party to immediately repay the plan for the medical expenses paid on the beneficiary's behalf.

Jake Flores, the son of former SBC Communications employee Maria Flores, was injured in an automobile accident in November 2003 that left him a paraplegic. Jake received $315,512.62 worth of medical coverage from the plan.

Sometime thereafter, Jake settled with a third party for $850,000 for claims arising from his injury. It is Plaintiff's position that because of this settlement agreement, Jake was obligated under the terms of the plan to reimburse it for the medical expenses it had paid on his behalf. When Jake failed to do so, Plaintiff brought suit alleging violations of ERISA and a claim for reimbursement.

-1-

Eleven months after the case was filed and two months before the close of discovery, Maria Flores, the mother of Jake Flores, filed a motion to intervene in the suit (Docket No. 12). Her stated reason for intervention is "to protect her interest in damages sought from her son as a beneficiary of her insurance plan."[1] According to Ms. Flores, she "was horrified to learn that the insurance company that was supposed to be providing medical coverage for her son now sought to recoup 100% of the medical expenses incurred."[2] She alleges that she "was never notified and never agreed to participate in a plan that would leave her and her family so vulnerable to financial hardships [that] Plaintiff is seeking to impose upon her son."[3] As a result, Ms. Flores wishes to intervene and file breach of contract and fraud/misrepresentation claims against Plaintiff.

Plaintiff opposes Ms. Flores' motion on a number of grounds, including 1) lack of standing, 2) no interest in damages, 3) no grounds for intervention, 4) untimeliness of intervention, 5) prejudice to Plaintiff, and 6) failure to exhaust administrative remedies. Because the Court finds that the motion is untimely, it confines its analysis to that issue.

**Analysis**

Under Fifth Circuit law, when a court is "determining whether a motion to intervene is timely, [it] must consider the following four factors: (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any,

---

[1] Docket No. 12 at 1.

[2] Docket No. 12, Draft Petition in Intervention at 2.

[3] *Id*.

the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness."[4]

Starting with step one, "the timeliness clock runs either from the time the applicant knew or reasonably should have known of [her] stake in the case into which [s]he seeks to intervene or from the time [s]he became aware that [her] stake would no longer be protected by the existing parties to the lawsuit."[5] This suit was filed on April 13, 2007, and Jake Flores answered on June 14, 2007. In his answer, Jake denied that he possessed a legal duty to reimburse Plaintiff. In her motion to intervene, Ms. Flores makes this same assertion and adds counterclaims for breach of contract and fraud/misrepresentation. Ms. Flores fails to address, however, why she is only now filing her motion, nine months after her adult son filed his answer. It is reasonable to assume, given that there is no evidence or arguments to the contrary, that Ms. Flores learned of her interest in this suit by at least the time her son filed his answer in June 2007. She chose not to file her motion to intervene, however, until March 2008.

Turning to step two, trial in this case is set for September 15, 2008. With discovery a mere two months from concluding, Ms. Flores filed her essentially one page motion, which fails to offer any explanation as to why she only now seeks to intervene in the case. If Ms. Flores' intervention is permitted, along with the new state law breach of contract and fraud/misrepresentation claims she seeks to assert, discovery will have to be enlarged, the scheduling order extended, and the costs for Plaintiff to prosecute its case increased. Additionally, Plaintiff asserts it will be required to hire defense counsel, retain at least one expert that is not needed for the current action, and face a longer

---

[4] John Doe No. 1 v. Glickman, 256 F.3d 371, 376 (5th Cir. 2001).

[5] Id.

trial before a jury, instead of a relatively short bench trial for which its discovery practices to date have been concentrated.[6]

As for step three, the primary prejudice Ms. Flores will suffer if denied the right to intervene is the need to file her state law claims against AT&T in a separate state court action. While imposing some inconvenience, this requirement does not deprive her of any substantive rights nor diminish the ability of her son to effectively defend himself in the present action.

Finally, with respect to step four, there are no unusual circumstances weighing in favor of either position, with the exception of the inexplicable failure by Ms. Flores to seek intervention until this late date, and the fact that granting her motion will convert a focused ERISA bench trial into a broader, more complex jury trial involving a mixture of state and federal law claims.

In sum, when the four factors articulated by the Fifth Circuit are considered and weighed, the Court concludes that Ms. Flores' motion to intervene is untimely. In conjunction with the prejudice caused to Plaintiff, Ms. Flores' failure to offer any rationale for why she only now seeks intervention is troublesome. Even a charitable reading of the case history suggests Ms. Flores waited at least nine months from the date she learned of her possible stake in the case until she finally sought to intervene. Such delay, without any proffered explanation, simply cannot be considered timely.

Therefore, Ms. Flores' motion to intervene (Docket No. 12) is DENIED.

---

[6] *See* Docket No. 13 at 6-7.

It is so ORDERED.

SIGNED this 9th day of June, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE