UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AT&T, INC., AS FIDUCIARY OF THE SBC MEDICAL AND GROUP LIFE INSURANCE PLAN - CUSTOMCARE       Plaintiff, VS. JAKE FLORES and MIDANI, HINKLE AND COLE       Defendants. | Civil Action No.  SA-07-CA-343-XR |

**ORDER**

Defendants filed a Motion for New Trial (Docket No. 26), contending the Court improperly granted summary judgment for Plaintiff in its July 17, 2008 order. A factual background can be found in that order and need not be repeated here. In short, Defendants contend that Mr. Flores was not a member of a qualified ERISA plan and that awarding Plaintiff the relief it seeks would be inequitable. For the reasons set forth below, Defendants' motion is DENIED.

**Analysis**

Standard of Review

Although Defendants style their motion as one for new trial, it is actually one for reconsideration, which is governed by FED. R. CIV. P. 59(e).[1] A motion to alter or amend judgment under this Rule "must clearly establish either a manifest error of law or fact or must present newly

---

[1] *See* Patin v. Allied Signal, Inc., 77 F.3d 782, 785 n. 1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to FED. R. CIV. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

-1-

discovered evidence."[2] It "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[3]

Defendants Could Have Previously Raised Their Arguments

Nothing in Defendants' motion raises arguments that could not have been presented in response to Plaintiff's motion for summary judgment. Counsel states that Defendants "did not fully brief a response to Plaintiff's Motion for Summary Judgment" because they were "in the process of attempting to resolve this matter through mediation."[4] First, "did not fully brief" is at best euphemistic for "did not brief at all." As the Court noted in its order, "despite a month's passage since [the summary judgment motion's filing], Defendants have not responded."[5]

Second, just because parties are engaged in potential settlement efforts is no excuse for not filing a response to a pending dispositive motion. Local Rule CV-7(d) states unequivocally that "if any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. . . If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed."[6]

If Defendants needed extra time to respond because they were preoccupied with settlement negotiations, all they needed do was file a brief motion to that effect. Instead, they neither informed

---

[2] Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

[3] *Id*.

[4] Docket No. 26 at 3.

[5] Docket No. 23 at 2.

[6] The Court notes that depending on the type of service used, FED. R. CIV. P. 6(d) may supply the responding party with an extra three days beyond that provided for under the Local Rules.

Case 5:07-cv-00343-XR   Document 29   Filed 08/01/08   Page 3 of 5

the Court of their planned mediation nor requested additional time to file a response. Such inexcusable neglect provides no basis for now seeking to raise arguments that could have been raised then. This ground alone suffices to deny Defendants' motion for reconsideration.

Failure to Provide Legal and Factual Support

Additionally, although Defendants contend in their conclusory motion that the law and facts favor their position, they fail to provide supporting legal citations or factual evidence. Defendants cite to only one case, and then, merely to reference a broad proposition which the Court already addressed in greater detail in its order.[7]

Furthermore, despite claiming that "material issues of facts [remain] to be addressed,"[8] Defendants fail to include any evidence to support the existence of such factual issues. Indeed, in the motion for reconsideration, Defendants neglect to so much as attach an affidavit from Mr. Flores or his mother attesting to the assertions made therein.

Without legal or factual support for their contentions, Defendants present nothing more than conclusory defenses that need not detain the Court. For this reason also, their motion is denied.

Substantive Arguments Lack Merit

As for their substantive arguments, Defendants contend 1) that Mr. Flores was not a member of a qualified ERISA plan, and 2) that even if he was, a recovery in favor of Plaintiff would be inequitable. The Court addresses each in turn.

To determine whether a plan qualifies as an "employee welfare benefit plan," the Fifth

---

[7] Defendants make a cursory reference to *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006).

[8] Docket No. 26 at 1.

Circuit has adopted the following three-pronged test: whether a plan "1) exists; 2) falls within the safe-harbor provision established by the Department of Labor; and 3) satisfies the primary elements of an ERISA 'employee benefit plan' - establishment or maintenance by an employer intending to benefit employees."[9]

Plaintiff establishes through the affidavits of Debbie Trammell and Fred Gailan that its plan meets all three prongs. As the affidavit of Ms. Trammell states:

"AT&T, Inc. is the Plan Administrator for the SBC Medical and Group Life Insurance Plan-CustomCare . . . [which] is a self-funded ERISA plan for employees, spouses, and covered dependents of SBC Communications, Inc. (now AT&T, Inc.). At the time of the accident made the basis of this suit (November 15, 2003), Jake Flores was a participant of . . . 'the plan.'"[10]

Ms. Trammell goes on to address the various safe harbor elements before concluding that "the Plan does not meet the 'safe harbor' exclusion of the Department of Labor."[11]

In short, Plaintiff provides affidavits and selected pages from the Summary Plan Description to support its position that AT&T offered an ERISA qualified plan and that Mr. Flores was a beneficiary of such plan. Defendants provide no evidence to the contrary. Such a response would not suffice at the summary judgment stage, nor does it succeed here.

Finally, Defendants allege that a material issue of fact exists as to whether the relief sought by Plaintiff constitutes "appropriate equitable relief."[12] The Court is sympathetic to the hardships that

---

[9] *Meredith v. Time Insurance Co.*, 980 F.2d 352, 355 (5th Cir. 1993).

[10] Docket No. 22, Affidavit of Debbie Trammell.

[11] *Id.*

[12] Docket No. 26 at 2.

have been and will be faced by Mr. Flores and his mother. No doubt many insured people are unaware that their plans contain subrogation/right of reimbursement provisions. In a more ideal world, Mr. Flores' attorney would have made him aware of the existence and effect of such clauses before Mr. Flores reached a settlement with the third-party tortfeasor. Although as a theoretical matter Defendants may well have reason to take issue with how such clauses operate, as a legal matter, they have failed to make any arguments that would convert Plaintiff's actions into ones for inequitable relief. The Court addressed this issue in its summary judgment order,[13] and nothing Defendants now assert changes the analysis.

## Conclusion

The Court appreciates the difficulty of Mr. Flores' circumstances. Nevertheless, counsel for Defendants failed to respond to Plaintiff's summary judgment order, and now, fails to supply any evidence in support of the contention that the Court should reconsider its prior decision.

For the reasons stated herein, Defendants' motion for reconsideration is DENIED.

It is so ORDERED.

SIGNED this 1st day of August, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[13] *See* Docket No. 23 at 5-8.